**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 20-4461

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TERRENCE JOSEPH MCGUIRK, a/k/a Terrence McGuirk, a/k/a Bunkie,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  Irene C. Berger, District Judge.  (2:18-cr-00225-5)

Submitted:  July 28, 2022                          Decided:  September 29, 2022

Before NIEMEYER, MOTZ, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Charles T. Berry, Kingmont, West Virginia, for Appellant.  Joshua Clarke Hanks, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terrence Joseph McGuirk pled guilty, pursuant to a written plea agreement, to conspiracy to distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 846. The district court sentenced McGuirk to 300 months' imprisonment, followed by five years of supervised release. On appeal, counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), finding no meritorious issues for appeal but questioning whether there was prosecutorial misconduct, whether trial counsel was ineffective, and whether the district court substantially complied with Fed. R. Crim. P. 11 in accepting McGuirk's guilty plea. Although McGuirk filed a pro se supplemental brief, we granted his subsequent motion to withdraw his brief. The Government did not file a responsive brief. For the reasons that follow, we affirm.

McGuirk first argues that the prosecutor engaged in misconduct. Because McGuirk did not raise his claim of prosecutorial misconduct in the district court, we review this issue for plain error. *United States v. Alerre*, 430 F.3d 681, 689 (4th Cir. 2005). To show that the district court plainly erred, McGuirk "must establish that (1) an error occurred; (2) the error was plain; and (3) the error affected his substantial rights." *United States v. Combs*, 36 F.4th 502, 505 (4th Cir. 2022) (cleaned up). Even if these three requirements are met, "we exercise our discretion to correct the error only if it seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (cleaned up). "To prevail on a claim of prosecutorial misconduct, a defendant must show (1) that the prosecutor's remarks and conduct were, in fact, improper and (2) that such remarks or conduct prejudiced the

2

defendant to such an extent as to deprive the defendant of a fair trial." *United States v. Allen*, 491 F.3d 178, 191 (4th Cir. 2007). McGuirk contends that the prosecutor's offer to refrain from filing an information pursuant to 21 U.S.C. § 851 in exchange for McGuirk signing the plea agreement constituted prosecutorial misconduct. Specifically, McGuirk alleges that the prosecutor's offer constituted a "hollow threat" because McGuirk did not have two prior convictions for a "serious drug felony" for purposes of 21 U.S.C. § 841(b)(1)(A), and thus could never have been subject to a 25-year mandatory minimum. Having reviewed the record, we conclude that there was no plain error.

McGuirk next argues that his counsel was ineffective. We typically will not review a claim of ineffective assistance of counsel made on direct appeal, *United States v. Maynes*, 880 F.3d 110, 113 n.1 (4th Cir. 2018), "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record," *United States v. Faulls*, 821 F.3d 502, 507 (4th Cir. 2016). Similar to his first claim, McGuirk contends that his trial counsel was ineffective for failing to inform him that the prosecutor's offer to refrain from filing a § 851 information was a hollow threat. Because the record does not conclusively support McGuirk's claim, it "should be raised, if at all, in a 28 U.S.C. § 2255 motion." *Id.* at 508.

Third, McGuirk asserts that his guilty plea was not valid. Because McGuirk moved in the district court to withdraw his guilty plea, we review the district court's "acceptance of [the] guilty plea under the harmless error standard." *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016). A guilty plea is valid if the defendant voluntarily, knowingly, and intelligently pleads guilty "with sufficient awareness of the relevant circumstances and likely consequences." *United States v. Fisher*, 711 F.3d 460, 464 (4th Cir. 2013) (internal

3

quotation marks omitted). When reviewing a Rule 11 colloquy, "[w]e accord deference to the trial court's decision as to how best to conduct the mandated colloquy with the defendant." *United States v. Moussaoui*, 591 F.3d 263, 295 (4th Cir. 2010) (internal quotation marks omitted). Our review of the plea colloquy confirms that McGuirk repeatedly demonstrated his understanding of the proceedings and the consequences of his guilty plea, and that the district court substantially complied with the requirements of Rule 11.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform McGuirk, in writing, of the right to petition the Supreme Court of the United States for further review. If McGuirk requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on McGuirk.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*